[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 22, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10487
Non-Argument Calendar

_____

D. C. Docket No. 98-00397-CR-T-27E

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 22, 2009)

Before BIRCH, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Edgar Clark appeals the sentence imposed by the district court following its

grant of his counseled motion for a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines.

I

On appeal, Clark argues that the district court erred because there is no evidence in the record that it considered the 18 U.S.C. § 3553(a) factors during his § 3582 proceedings.

Decisions over whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) are reviewed for abuse of discretion. United States v. Smith, 568 F.3d 923, 926 (11th Cir. 2009). The § 3582(c)(2) statute permits a district court to modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Id. at 926-27. When determining whether to reduce a defendant's sentence under § 3582(c)(2), the district court is required to consider the 18 U.S.C. § 3553(a) factors. Id. at 927. The district court need not articulate the applicability of any of the specific § 3553(a) factors "as long as the record demonstrates that the pertinent factors were taken into account." Id.

In United States v. Williams, 557 F.3d 1254, 1255 (11th Cir. 2009), the district court granted the defendant's § 3582(c)(2) motion, but failed to discuss the § 3553(a) factors. Because there was no discussion of the § 3553(a) factors, we

vacated and remanded the case back to the district court for consideration of the pertinent factors.  Id. at 1256-57.

On the other side of the spectrum, in Smith, the defendant's § 3582 motion brief referenced the § 3553(a) factors "and then presented arguments as to why those factors supported imposing a more lenient sentence."  Smith, 568 F.3d at 928.  Both the defendant and the government then "vigorously presented" discussion about the applicability of specific § 3553(a) factors to the defendant's sentence.  Id. at 928-29.  We found that, because the parties provided "an elaborate explication of the § 3553(a) factors," the district court did in fact consider those factors, even though it made no mention of them in its final order.  Id. at 929.  In Smith, we distinguished Williams by stating that in Williams, there was no evidence in the record "that the district court had considered, or the defendant had even raised, the applicability of any of the § 3553(a) factors."  Id. at 927.

In this case, the district court did not explicitly discuss the factors but the parties had discussed them in their briefs before the court, which the court stated it had considered.  The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the

3

sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).  First of all, Clark's counseled brief before the district court reminds it that it must consider the § 3553 (a) factors in a § 3582 resentencing.  In his motion before the district court, Clark extensively discussed his post-sentence activities and his rehabilitation in prison, which would fit under "the history and characteristics of the defendant."  That same document attached the portion of the original sentencing hearing where the parties discussed various § 3553 (a) factors such as the history and characteristics of the defendant, the sentences of his co-defendants, the available sentences, and Clark's role in the offense.  Thus, like the court in Smith, the court below was presented with argument concerning the § 3553 (a) factors and although it did not discuss them, we can assume that it considered them.

II

Clark next argues that the district court should have sentenced him below his

amended guideline range because, post-<u>Booker</u>,[1] the Sentencing Guidelines are advisory. Clark concedes that his argument is foreclosed by our precedent, but he indicates that he wishes to preserve his position in case the pertinent precedent is overturned.

"We review <u>de novo</u> a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." <u>United States v. James</u>, 548 F.3d 983, 984 (11th Cir. 2008). We are bound to follow our prior binding precedent "unless and until it is overruled by this [C]ourt <u>en banc</u> or by the Supreme Court." <u>United States v. Vega-Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008).

As discussed <u>supra</u>, a district court may modify a term of imprisonment in the case of a defendant whose sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." <u>Id.</u> The applicable policy statements, found in § 1B1.10, state that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). We have held that this statement is binding on the district court, and that <u>Booker</u> does not render it

---

[1] <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

advisory because <u>Booker</u> does not apply to § 3582(c)(2) proceedings. <u>United States v. Melvin</u>, 556 F.3d 1190, 1192-94 (11th Cir. 2009), <u>cert. denied</u>, case no. 08-8664 (May 18, 2009).

Our decision in <u>Melvin</u> forecloses Clark's argument that in a § 3582(c)(2) proceeding a district court can reduce a defendant's sentence below his amended guideline range. Accordingly, we affirm this part of the district court's decision.

**AFFIRMED.[2]**

---

[2]    Clark's request for oral argument is denied.