# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 21, 2021

Lyle W. Cayce
Clerk

No. 19-11275
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GEORGE WHITEHEAD, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-11-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
STEPHEN A. HIGGINSON, *Circuit Judge*:

George Whitehead, Jr., federal prisoner # 35653-177, is serving life in prison. His sentence was imposed in November 2007 based on his jury-trial conviction of possession with intent to distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base—better known as crack cocaine. The life sentence was mandatory under 21 U.S.C. § 841(b)(1)(A) because Whitehead had at least two prior felony drug convictions. Whitehead appeals the district court's denial of his motion for a

sentence reduction pursuant to the First Step Act. *See* First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).

We previously remanded this matter to the district court—once for the court to give Whitehead's motion further consideration, and a second time for the court to explain its reasons for denying it. The district court determined on limited remand that Whitehead was not eligible for a sentence reduction and that, even if he were eligible, the court would not reduce his sentence. Whitehead challenges both determinations.

Whitehead argues that he is eligible for a sentence reduction because his indictment charged him with possession with intent to distribute more than 50 grams of crack cocaine. He is right. Section 404 of the FSA gives district courts the discretion to apply the Fair Sentencing Act of 2010 to reduce a prisoner's sentence for a "covered offense." *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." FSA § 404(a) (citation omitted). Whether a defendant has a "covered offense" turns on the statute under which he was convicted, rather than facts specific to the defendant's violation. *Jackson*, 945 F.3d at 319–20. Thus, if a defendant was "convicted of violating a *statute* whose penalties were modified by the Fair Sentencing Act, then he meets that aspect of a 'covered offense.'" *Id.*

That is the case here. Section 2 of the Fair Sentencing Act amended Whitehead's statute of conviction, 21 U.S.C. § 841(b)(1)(A), by increasing the 50-gram threshold of cocaine base to 280 grams, and similarly amended § 841(b)(1)(B) by increasing the threshold quantity from five to 28 grams of cocaine base. These amendments reduced the applicable penalties for amounts above the old thresholds but below the new ones: Whitehead's new

statutory range would be imprisonment of 10 years to life, and his new Guidelines range would be 360 months to life. Because Whitehead committed his § 841(b)(1)(A) offense in September 2005, and the statutory penalties for that offense were modified by the Fair Sentencing Act of 2010, Whitehead's offense is a "covered" one. *See id.* at 318–20. That makes him eligible for a reduction in sentence under the FSA.[1]

"Eligibility for resentencing under the First Step Act," however, "does not equate to entitlement." *United States v. Batiste*, No. 19-30927, 2020 U.S. App. LEXIS 35899, at *8 (5th Cir. Nov. 13, 2020). The district court has broad discretion in deciding whether to resentence. *Jackson*, 945 F.3d at 321. We review only for abuse of that discretion.[2] *Id.* at 319 & n.2.

Whitehead raises three arguments on this front. First, he contends that the district court disregarded our mandate by denying a sentence reduction. Not so. We did not mandate that Whitehead's motion for a

---

[1] The district court reached a contrary conclusion—without citation to our FSA (or any other) precedent and despite the Government's concession that Whitehead is eligible for a sentence reduction—by looking to Whitehead's presentence investigation report ("PSR"). The PSR indicated that Whitehead was responsible for *more than* 280 grams of cocaine base considering the value of the drug money seized from his possession. That amount of cocaine base, for a repeat felon like Whitehead, would still trigger a mandatory life sentence under the post-Fair Sentencing Act version of § 841(b)(1)(A) (2011) applicable here. This apparent inevitability, the district court thought, precluded Whitehead's eligibility.

Our precedent says otherwise. We have rejected the practice of gleaning additional grams from the PSR to pull an offense outside the scope of the FSA. *See Jackson*, 945 F.3d at 319 ("That approach doesn't comport with the ordinary meaning of the statute . . . ."). Rather, "whether an offense is 'covered' depends only on the *statute* under which the defendant was convicted." *Id.* at 320. Whitehead was convicted of violating a statute whose penalties were modified by the FSA; and so, he has a covered offense. *Id.*

[2] "A court abuses its discretion when the court makes an error of law or bases its decision on a clearly erroneous assessment of the evidence." *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011) (internal quotation marks omitted).

sentence reduction be granted—only that the district court consider Whitehead's motion and explain its reasons for denying it.

Next, turning to those reasons, Whitehead argues that the district court's explanation was inadequate and neglected to address the 18 U.S.C. § 3553(a) sentencing factors. On second remand, the district court articulated its reasons for denying Whitehead's motion for a sentence reduction. The court emphasized the nature and seriousness of Whitehead's offenses: he was a crack-cocaine dealer who possessed several firearms at the time the search warrant of his home was executed. The court also recounted Whitehead's extensive criminal history (Category V), which—in addition to his prior felony drug convictions—included one assault conviction, several arrests for assault offenses, and an arrest for attempted murder.[3] Finally, the district court correctly noted that Whitehead did not accept responsibility and that, at least in the district court's estimation, he testified falsely at his sentencing.

The district court's explanation, albeit succinct, was enough. "[T]he FSA doesn't contemplate a plenary resentencing." *Id.* at 321. "Instead, the court 'plac[es] itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act.'" *Id.* (quoting *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019)). Here, the district court "relied on [Whitehead's] extensive

---

[3] Generally, a district court may not consider a defendant's "bare arrest record" at an initial sentencing. *See United States v. Foley*, 946 F.3d 681, 686 (5th Cir. 2020) (internal quotation marks omitted). However, an arrest record is not bare when it is accompanied by "a factual recitation of the defendant's conduct that gave rise to a prior unadjudicated arrest" and "that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability." *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013). Here, the PSR includes details about the facts underlying Whitehead's arrests, based on police reports. The district court therefore was not dealing with a "bare arrest record," and Whitehead has not asserted that the court erred in considering his arrest history.

criminal history" and considered other relevant § 3553(a) factors in reaching its determination.[4] *Id.* Our summation in *Jackson* applies equally to Whitehead: "He filed a detailed motion explaining why he should get a new sentence; the government responded; the court denied the motion; and, on limited remand, it explained why." 945 F.3d at 322. Nothing more was required.

Finally, Whitehead faults the district court's failure to appreciate his post-sentencing growth. He claims that he is no longer a drug dealer, that he has found God, that he accepts responsibility for his actions, and that he now respects the law. Whitehead also invokes his good prison disciplinary record, his completion of BOP programs, and his educational achievements while in prison. As admirable as that apparent progress may be, however, we have held that the district court was not required to consider it. *See id.* at 321–22 & n.7.

Whitehead has not shown that the district court abused its discretion in denying his motion for a sentence reduction. Accordingly, the judgment of the district court is AFFIRMED.

---

[4] While consideration of the pertinent § 3553(a) factors certainly seems appropriate in the FSA resentencing context, we have left open whether district courts *must* undertake the analysis. *Jackson*, 945 F.3d at 322 n.8 ("reserv[ing] the issue for another day"). At present it suffices if the record does indeed reflect such consideration. *Cf. United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (holding, in the context of a sentence-modification motion under 18 U.S.C. § 3582(c)(2), that the district court was not required to provide reasons or explain its consideration of the § 3553(a) factors, and that there was no abuse of discretion where the relevant arguments were before the court when it made its resentencing determination); *Batiste*, 2020 U.S. App. LEXIS 35899, at *32 (recognizing similarities between FSA sentence-reduction motions and § 3582 motions and holding, in the FSA context, that the "district court's written order adequately reflect[ed] that it gave due consideration to [defendant's] arguments in favor of a reduction of his sentence of imprisonment based on the § 3553(a) factors and his post-conviction progress").