# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2022

Lyle W. Cayce
Clerk

No. 20-50681
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Tommy Delando Burns,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-89-1

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Tommy Delando Burns, federal prisoner # 35499-177, was convicted of one count of conspiracy to possess with intent to distribute crack cocaine and two counts of aiding and abetting the distribution of crack cocaine. Following a remand, he was resentenced to concurrent terms of 324 months

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50681

in prison and five years of supervised release, but his sentences were subsequently reduced, and he is now serving concurrent terms of 262 months in prison.

The district court denied Burns's motion under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221, to reduce his total sentence of imprisonment and his supervised release term. Burns appeals that ruling, which we review for abuse of discretion. *United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020).

Burns contends that the district court failed to adequately explain the reasons for its decision. However, the arguments for and against a sentence reduction were briefed by the parties and before the district court. This court ordered a limited remand, and the district court issued an order explaining that Burns was eligible for a sentence reduction under Section 404 but that the court, in its discretion, had determined that no reduction in Burns's sentence or term of supervised release was warranted. It stated that the decision was based on its consideration of the 18 U.S.C. § 3553(a) factors, the facts of the case, the severity of Burns's offense, the fact that it had previously granted a "significant departure" based upon Amendment 782 to the Guidelines, and the fact that Burns's current sentence falls within the applicable sentencing guidelines range. Nothing more was required. *See United States v. Whitehead*, 986 F.3d 547, 551 (5th Cir. 2021). Thus, the district court did not abuse its discretion in denying the motion. *See Batiste*, 980 F.3d at 479.

AFFIRMED.