# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 10, 2022

Lyle W. Cayce
Clerk

No. 21-50310

United States of America,

*Plaintiff—Appellee*,

*versus*

Gabriel Perez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-119-4

---

Before Owen, *Chief Judge*, and Higginbotham and Elrod, *Circuit Judges*.

Priscilla R. Owen, *Chief Judge*:

Gabriel Perez was convicted of conspiracy to possess with intent to distribute more than five kilograms of cocaine and fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). He was sentenced to 240 months of imprisonment, to be followed by ten years of supervised release. He appeals the district court's denial of his

motion for a reduced sentence under § 404 of the First Step Act of 2018[1] on the ground that the district court did not adequately explain the reasons for its decision.  We order a limited remand to the district court.

# I

The First Step Act "gives courts discretion to apply the Fair Sentencing Act of 2010 to reduce a sentence for certain covered offenses."[2] Perez would be eligible for a discretionary reduction under the First Step Act if: "(1) he committed a 'covered offense'; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits."[3]  Perez filed a motion seeking relief under the Act in which he established his eligibility and cited his good conduct in prison.  He asserted that the 18 U.S.C. § 3553(a) factors warranted a sentence reduction.[4]  He also argued in support of his motion that many inmates in his unit had COVID-19, some had died of that virus, and that he had increased susceptibility to COVID-19.  The Government's response focused almost exclusively on the COVID-19 aspect of Perez's argument.  The Government construed Perez's motion as one for compassionate release under 18 U.S.C. § 3582.  It argued that relief was not warranted because Perez had failed to demonstrate that he was no longer a danger to the community and because the § 3553(a) factors did not warrant a reduction.  Perez asserted in his reply that he sought relief only under the First Step Act and reiterated his

---

[1] Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.

[2] *United States v. Abdul-Ali*, 19 F.4th 835, 837 (5th Cir. 2021).

[3] *Id.* (quoting *United States v. Batiste*, 980 F.3d 466, 470 (5th Cir. 2020)).

[4] *See* 18 U.S.C. § 3553(a) (listing various factors a district court may take into consideration when sentencing).

argument that the § 3553(a) factors warranted a reduction.  He eschewed any reliance on compassionate release as a basis for his motion.

The Government concedes that Perez is eligible for relief.  Its only argument before the district court relating to the First Step Act was that the court should exercise its discretion by denying relief.  The Government did, however, make numerous arguments relating to compassionate relief under § 3582 including that relief would not be warranted under the applicable policy statement for compassionate release motions, § 1B1.13.

The district court's order—in its entirety—noted that the parties' filings were before it and stated "[a]fter considering the applicable factors provided in §404 [sic] and 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission," Perez's motion is denied "on its merits."   The Government contends that because of the relative simplicity of this case, the district court adequately explained the basis for its decision.[5]  It correctly notes that the court was not required to extensively explain the reasons behind its decision or go into detail with regard to each § 3553(a) factor.[6]  Indeed, this court has never held that the district court must address the § 3553(a) factors when ruling on First Step Act motions.[7]

Perez counters that although the district court was not required to provide extensive detail, it was required to provide a specific factual

---

[5] *See Chavez-Meza v. United States.*, ___U.S.___, 138 S. Ct. 1959, 1967-68 (2018) ("[G]iven the simplicity of this case . . . the judge's explanation (minimal as it was) fell within the scope of the lawful professional judgment that the law confers upon the sentencing judge.") (emphasis omitted) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)).

[6] *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020); *Abdul-Ali*, 19 F.4th at 838 & n.3; *see also Chavez-Meza*, 138 S. Ct. at 1967-68.

[7] *Abdul-Ali*, 19 F.4th at 838 & n.3.

explanation for its denial.[8]  Further, he argues that the basis of the district court's decision is unclear because of the reference to "applicable policy statements."  Perez correctly points out that there are no applicable policy statements with regard to his First Step Act motion, while there are applicable statements for compassionate release motions.[9]  Perez argues that the district court may have applied the wrong law in denying his motion.

## II

We review the district court's denial of Perez's First Step Act motion for abuse of discretion.[10]  Perez must show that the district court "made an error of law or based its decision on a 'clearly erroneous assessment of the evidence.'"[11]

Although district courts need not always provide a detailed explanation of why they have denied a motion, sometimes "review is possible . . . only with a statement of reasons for the denial."[12]  In *Batiste* and *Abdul-Ali*, we held that review was possible in First Step Act cases when the

---

[8] *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Jackson*, 783 F. App'x 438, 439 (5th Cir. 2019) (per curiam) (unpublished) (remanding for further explanation regarding the district court's "reasons for the denial").

[9] *See* U.S. Sent'g Guidelines Manual § 1B1.13.

[10] *Abdul-Ali*, 19 F.4th at 837.

[11] *Id.* (quoting *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011)).

[12] *See United States v. Burns*, 853 F. App'x 993, 994 (5th Cir. 2021) (per curiam) (unpublished) ("Without a hearing, the district court denied the motion in an order without giving any reasons.  Though district courts need not always explain why they have denied a motion, meaningful review is possible here only with a statement of reasons for the denial."); *United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020) ("[I]t is not clear whether the district court considered and implicitly rejected Batiste's request for a reduction of his term of supervised release, or merely overlooked it.  Accordingly, we will remand that issue to the district court for consideration and disposition."); *see also Chavez-Meza v. United States*, ____U.S.____, 138 S. Ct. 1959, 1967-68 (2018).

"court relied on the defendant's criminal history and role in the offense in denying a reduction" even though the order itself was brief.[13] But in *Batiste*, we remanded in part because it was "not clear whether the district court considered and implicitly rejected Batiste's request for a reduction of his term of supervised release, or merely overlooked it" in denying in part a First Step Act motion.[14]

However, in two unpublished decisions this court was confronted with an order worded very similar to the one before the court today.[15] We held in *Stewart* and in *Burns* that the order did not provide enough information from which it could be determined whether the district court acted within its discretion. We ordered a limited remand.[16] It is not clear whether *Stewart* and *Burns* are consistent with our precedent regarding the extent to which an order denying a First Step Act motion must specify the reasons underpinning that decision. In any event, they are not precedential decisions because they are unpublished.

In the present case, the district court's order said that the court had "consider[ed] the applicable factors provided in §404 [sic] and 18 U.S.C. § 3553(a)," which would have been a sufficient explanation for denying Perez's First Step Act motion. However, the district court's additional statement that it had considered "applicable policy statements issued by the

---

[13] *Batiste*, 980 F.3d at 478 (citing *United States v. Jackson*, 945 F.3d 315, 331-32 (5th Cir. 2019)); *see also Abdul-Ali*, 19 F.4th at 837-838 & n.3.

[14] *Batiste*, 980 F.3d at 479.

[15] *See United States v. Stewart*, 857 F. App'x 822, 823 (5th Cir. 2021) (unpublished) (per curiam) (remanding an order identical to the one in this case); *Burns*, 853 F. App'x at 994 (same).

[16] *See Stewart*, 857 F. App'x at 823; *see also, e.g.*, *Burns*, 853 F. App'x at 994 (remanding another identical order).

Sentencing Commission" indicates that the court may have erroneously applied the compassionate release standard that requires review of policy statements. Those policy statements are not applicable in this case because Perez averred that he was not seeking compassionate release.

Under these circumstances, we seek clarification, and the statement of reasons need not be extensively detailed. We leave that determination up to the "professional judgment that the law confers upon the sentencing judge."[17]

## III

The Government contends that we can assume that the district court adequately considered and rejected Perez's arguments and that we should affirm. It is true we have held, in *United States v. Evans*, that when the context, briefing, and record make clear that the § 3553(a) factors were at issue and before the court, we may safely "assume that [the district court] considered them."[18] It is also true that we relied on *Evans* in *Batiste* when holding that the district court had done enough, in part, to explain its denial of a First Step Act sentence reduction.[19] The district court in the present case was briefed on the § 3553(a) factors and stated that it had considered the statute in its order.

With regard to our decision in *Evans*, we note that it was a compassionate release case, not a First Step Act case. When deciding a

---

[17] *Chavez-Meza*, 138 S. Ct. at 1967-68; *cf. United States v. Fearce*, 857 F. App'x 203, 204-05 (5th Cir. 2021) (per curiam) (unpublished) (affirming the district court's order as adequately reasoned because it briefly discussed "the facts of the case, the severity of the offense, and the departure previously granted").

[18] *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (quoting *United States v. Clark*, 346 F. App'x 428, 429 (11th Cir. 2009) (per curiam) (unpublished)).

[19] *Batiste*, 980 F.3d at 479.

compassionate release motion, the district court must consider the § 3553(a) factors.[20] That is not required for First Step Act motions.[21] Second, *Evans* held that the assumption that the district court adequately considered the factors followed from the context of the case.[22] Here, we have a statement from the district court that it considered Sentencing Commission policy statements that do not apply to the request for relief that is at issue.

In *Batiste*, the district court "focus[ed . . .] on the facts informing its original sentencing decision[,] . . . and emphasize[d] that nothing in those facts ha[d] changed."[23] The original sentencing process was a § 3553(a) inquiry, and it was evident from the reference to the original proceeding that the district court exercised discretion in denying relief in the subsequent proceeding.[24] We cited *Evans* in *Batiste* for the proposition that the district court need not do more than had already been done—"that the district court was not required to provide [further] reasons or explain its consideration of the § 3553(a) factors."[25] Indeed, "the basis of the district court's ruling [w]as aptly recounted in its . . . [o]rder."[26] However, while the *Batiste* court affirmed the portion of the order dealing with the § 3553(a) factors, it remanded on the issue of the duration of supervised release because that issue

---

[20] *Evans*, 587 F.3d at 673 ("Section 3582(c)(2) requires the court to consider the factors in § 3553(a).").

[21] *United States v. Abdul-Ali*, 19 F.4th 835, 838 & n.3 (5th Cir. 2021).

[22] *See Evans*, 587 F.3d at 673 (discussing that the factors were briefed and that the court "presumably concluded that the § 3553(a) factors weigh[ed] in [the defendant's] favor" because the court granted partial relief when it was under "no obligation to").

[23] *Batiste*, 980 F.3d at 478 (emphasis omitted).

[24] *See* 18 U.S.C. § 3553(a).

[25] *Batiste*, 980 F.3d at 479.

[26] *Id.*

No. 21-50310

was never mentioned in the six-page order.[27]   Here, we have a reference to inapplicable policy statements.   An *Evans*-presumption that the court adequately considered the § 3553(a) factors does not shed any light on why the district court referred to inapplicable policy statements.[28]

*       *       *

The district court's brief statement and reference to its consideration of "the applicable policy statements" leave the grounds for its decision unclear.   We accordingly REMAND Perez's case to the district court for the limited purpose of allowing the district court to enter reasons for denying Perez's motion.   We retain jurisdiction, as is customary for limited remands.[29]

---

[27] *Id.*

[28] *See United States v. Stewart*, 857 F. App'x 822, 823 (5th Cir. 2021) (per curiam) (unpublished).

[29] *See, e.g., United States v. Gomez*, 905 F.3d 347, 354-56 (5th Cir. 2018).