# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2022

Lyle W. Cayce
Clerk

No. 21-50844

United States of America,

*Plaintiff—Appellee*,

*versus*

Angelic Ermalinda Oyervides,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-1302-1

Before Barksdale, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Angelic Ermalinda Oyervides pleaded guilty to conspiracy to transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (B)(i). The district court sentenced her to 12 months of incarceration followed by three years of supervised release. Six months after Oyervides's release, she was cited for a misdemeanor assault against her domestic partner. Although

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50844

Oyervides admitted she and her partner had "shoved each other," the case was dismissed after Oyervides was found not guilty. After the dismissal, her probation officer filed a report with the district court detailing the incident, but recommending that the court take no further action at that time. Subsequently, in March 2020, Oyervides was arrested and charged with aggravated assault with a deadly weapon and assault causing bodily injury. This time, the probation officer filed a petition to revoke Oyervides's supervised release. In addition to renewing the earlier assault allegation, the petition detailed the new allegation that Oyervides had assaulted an ex-girlfriend and another woman with a knife. While the revocation petition was pending, the charges were dismissed on the day of trial due to a missing witness. At the revocation hearing, the Government offered the revocation petition as evidence that Oyervides had violated the conditions of her release. Although Oyervides objected that "the report [wa]s wrong[,]" the district court found by a preponderance of the evidence that Oyervides had violated the conditions of her supervised release by committing a new crime. It sentenced her to 15 months in prison, followed by a new 21-month term of supervised release. She now appeals to this court, arguing that the district court erred by relying solely on the bare allegations in the revocation petition, without any other evidence.

## I.

As an initial matter, the parties contest the applicable standard of review in this case. This court generally reviews a district court's decision to revoke supervised release for abuse of discretion. *United States v. Spraglin*, 418 F.3d 479, 480 (5th Cir. 2005). But when a defendant fails to challenge a district court's finding that she violated a condition of her release, we review for plain error only. *United States v. Jang*, 574 F.3d 263, 266 (5th Cir. 2009). The Government asserts that Oyervides's statement during the revocation hearing that she did not have a knife during the alleged incident and that "the

report is wrong" was insufficient to preserve her challenge to the sufficiency of the evidence in the revocation petition. We disagree. A party need not use the magic words "I object" to preserve an issue. *United States v. Flores-Martinez*, 677 F.3d 699, 710, n.6 (5th Cir. 2012). No bright line rule exists to determine issue preservation. *United States v. Soza*, 874 F.3d 884, 889 (5th Cir. 2017). The objection need only "be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction." *United States v. Rodriguez-Leos*, 953 F.3d 320, 324 (5th Cir. 2020) (citing *United States v. Neal*, 578 F.3d 270, 272 (5th Cir 2009)). Additionally, "the objection and argument on appeal need not be identical; the objection need only give the district court the opportunity to address the gravamen of the argument presented on appeal." *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017) (cleaned up) (citations omitted). Here, Oyervides stated that the report of the alleged assault in the revocation petition was incorrect, and her counsel repeatedly stressed that the allegations in the petition did not establish that Oyervides had committed the assault, but at most that she had been arrested, and that the state had dismissed the resulting charges. These statements were sufficiently specific to alert the court to the fact that Oyervides disputed the factual allegations in the revocation petition and to provide an opportunity for correction. *See Rodriguez-Leos*, 953 F.3d at 324–26; *see also United States v. Hernandez-Montes*, 831 F.3d 284, 290 (5th Cir. 2016) (The "[k]ey is whether the objection is specific enough to allow the court to take evidence and receive argument on the issue.").

This court's recent opinion in *United States v. Zarco-Beiza* does not change this result. 24 F.4th 477, 481–82 (5th Cir. 2022). There, we found that a defendant's assertion at sentencing that "he is presumed innocent of any arrests or apprehension not resulting in a conviction" was insufficient to preserve an objection to the district court's consideration of a bare arrest

record. *Id.* at 480–81. We reasoned that because the problem with considering a bare arrest record "is the lack of indicia of reliability, not merely the presumption of innocence" this objection was insufficient to bring the specific bare arrest record claim to the district court's attention. *Id.* at 482, n.4. Here, in contrast, Oyervides clearly disputed the reliability of the factual allegations in the revocation petition. Thus, Oyervides brought to the court's attention her argument that the alleged facts were unreliable and lacked an evidentiary basis, sufficiently preserving this argument for appeal. We review for abuse of discretion.

## II.

"A district court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated." *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010). In meeting this standard, a district court may generally consider any evidence in support of a petition to revoke supervised release. *See* 18 U.S.C. § 3661. But there are limits. The court abuses its discretion when it relies on a bare arrest record to find that a defendant committed a new offense in violation of the conditions of her release. *United States v. Foley*, 946 F.3d 681, 686 (5th Cir. 2020). "An arrest record is 'bare' when it refers 'to the mere fact of an arrest'"—like the date or charge—without "information about the underlying facts." *Id.* (citation omitted). By contrast, "an arrest record is not bare . . . when it is accompanied by a factual recitation of the defendant's conduct that gave rise to a prior unadjudicated arrest and that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability." *Id.* (cleaned up). "If the factual recitation lacks sufficient indicia of reliability, then it is error for the district court to consider it[.]" *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013) (citing *United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012)); *see also Foley*, 946 F.3d at 686 (relying on *Windless* in the context of a revocation proceeding).

Oyervides argues that the arrest record at issue here lacked sufficient indicia of reliability because the revocation petition did not identify the source of the allegations, and no complaining witness was available for trial, leading the state to drop the charges. She relies heavily on *Foley*, 946 F.3d at 686–87, to support this argument. In *Foley*, we held that the court erred in relying on an arrest record in a revocation petition where the revocation petition stated the date, charge, jurisdiction, and disposition of pending charges, but did not "provide any context regarding the underlying facts and circumstances surrounding [the defendant]'s arrest or his conduct leading to the arrest." *Id.* at 687. But in holding so we stated that "a district court errs when it relies on a bare allegation of a new law violation contained in a revocation petition unless the allegation is supported by evidence adduced at the revocation hearing or contains other indicia of reliability, *such as the factual underpinnings of the conduct giving rise to the arrest*." *Id.* (emphasis added).

Here the allegation in the petition contained a detailed description of the facts underlying Oyervides's arrest. In addition to information about the date, charge, jurisdiction, and pending disposition, it also included underlying information about the factual circumstances that led to Oyervides's arrest, such as the victims' detailed recounting of events and the arresting officers' observations of the victims' injuries. These factual underpinnings are sufficient indicia of reliability for the district court to have relied on the arrest report in sentencing Oyervides. *See Harris*, 702 F.3d at 229; *cf. United States v. Whitehead*, 986 F.3d 547, 550 n.3 (5th Cir. 2021) (distinguishing *Foley* where the presentence investigation report included details about facts underlying arrests based on police reports); *see also United States v. Parkerson*, 984 F.3d 1124, 1129–30 (5th Cir 2021) (finding sufficient indicia of reliability in an uncorroborated police report because it was "quite

No. 21-50844

detailed and specific, including the location of the alleged assault . . . [and] the nature of the weapon that was allegedly used").

## III.

For the foregoing reasons, we AFFIRM.