# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2022

Lyle W. Cayce
Clerk

No. 21-10929
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER ALEXANDER,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:01-CR-60-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Christopher Alexander, federal prisoner # 25906-177, was sentenced to life imprisonment following convictions for a drug-trafficking conspiracy involving cocaine base. Upon motion by Alexander, the district court reduced his life sentence to 480 months of imprisonment pursuant to § 404

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Alexander appeals the extent of the sentence reduction granted by the district court, as well as the court's denial of his motion for reconsideration. He contends that the district court did not adequately explain the reasons for its decision only to reduce his sentence to 480 months of imprisonment or provide him an opportunity to object prior to issuing its ruling on his § 404 motion.

The record reflects that the district court had before it Alexander's motion, the Government's response, and the probation officer's worksheet. The district court explicitly stated in its order that it had considered the 18 U.S.C. § 3553(a) factors and determined that a sentence reduction from life to 480 months of imprisonment was appropriate in light of public safety issues and Alexander's post-sentencing conduct. This explanation, which was the basis for the Government's opposition to a reduction below 480 months, was sufficient for meaningful appellate review. *See United States v. Whitehead*, 986 F.3d 547, 551 (5th Cir. 2021); *United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020). To the extent that the district court denied Alexander an opportunity to object prior to issuing its ruling, any error was harmless given that the district court considered Alexander's objections when ruling on his motion to reconsider and Alexander fails to indicate what further objections he would have raised before the court. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999) (citing *United States v. Gonzalez-Balderas*, 105 F.3d 981, 984 (5th Cir. 1997)).

We do not consider Alexander's arguments that he was denied a copy and opportunity to object to the probation officer's worksheet and that he was denied a right to counsel because he raises these arguments for the first time in his reply brief. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). Alexander has not shown that the district court abused its discretion with respect to his motions. *See Batiste*, 980 F.3d at 469; *United States v.*

No. 21-10929

*Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).   Accordingly, the orders of the district court are AFFIRMED.