# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2022

Lyle W. Cayce
Clerk

No. 21-30459
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rahsaan Johnson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-135-3

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Rahsaan Johnson, federal prisoner # 23433-034, is serving a 300-month sentence for conspiracy to distribute five kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base, conspiracy to commit money laundering, and use or carrying of a firearm in relation to a drug

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

trafficking crime causing murder.  He appeals the denial of his motion for a sentence reduction pursuant to section 404 of the First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Johnson's eligibility for a sentence reduction is not in dispute.  At issue is whether the district court considered the 18 U.S.C. § 3553(a) sentencing factors and provided a sufficient explanation for the denial of Johnson's motion.

We review the denial of a motion to reduce a sentence pursuant to the FSA for an abuse of discretion. *See United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020).   The record reflects that the district court reviewed Johnson's motion, the Government's opposition, the FSA, and the § 3553(a) sentencing factors when concluding that a reduction to Johnson's 300-month sentence was not warranted.  The district court's explanation was sufficient for meaningful appellate review.  *See United States v. Whitehead*, 986 F.3d 547, 551 (5th Cir. 2021); *Batiste*, 980 F.3d at 479.  The district court was not required to grant Johnson's motion due to his eligibility or evidence of post-sentencing rehabilitation.  *See United States v. Jackson*, 945 F.3d 315, 321-22 (5th Cir. 2019).  Because Johnson has failed to show that the district court committed an error of law or based its decision on a clearly erroneous view of the evidence, the judgment of the district court is AFFIRMED.