# United States Court of Appeals for the Fifth Circuit

No. 22-50226
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GREG HALL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:95-CR-21-1

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

In 1995, Greg Hall, federal prisoner # 57968-080, pled guilty to distributing more than five grams of crack-cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). The district court imposed a within-guidelines sentence of 88 months in prison, to run consecutively with Hall's state

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentence for murder.  In 2021, Hall filed a motion under § 404 of the First Step Act of 2018 (First Step Act), requesting a sentence reduction.  He now appeals the district court's order denying his § 404 motion.

We review a district court's denial of a First Step Act motion for an abuse of discretion, which occurs if the district court makes "an error of law or base[s] its decision on a clearly erroneous assessment of the evidence." *United States v. Perez*, 27 F.4th 1101, 1103 (5th Cir. 2022) (quotation and citation omitted).

Contrary to Hall's argument, a district court ruling on a First Step Act motion need only use the amended guideline range as a benchmark.  *See Concepcion v. United States*, 142 S. Ct. 2389, 2402 n.6 (2022).  Moreover, it may, as the district court did here, do so implicitly.  *See United States v. Batiste*, 980 F.3d 466, 478–79 (5th Cir. 2020).  Further, a district court is obliged only to explain its decision and demonstrate that it considered the parties' arguments.  *Concepcion*, 142 S. Ct. at 2404.

Here, the parties briefed the arguments for and against a sentence reduction.  Their briefing addressed the original and reduced guidelines ranges, information from the original sentencing, Hall's criminal history, his behavior while incarcerated, and the relevant 18 U.S.C. § 3553(a) factors.  In concluding that Hall's motion should be denied, the district court explicitly referenced the § 3553(a) factors, the Presentence Investigation Report, and "all pleadings."  Thus, the district court's reasons show that it considered the parties' arguments and had a reasoned basis for denying Hall's motion. *See Concepcion*, 142 S. Ct. at 2404; *United States v. Whitehead*, 986 F.3d 547, 551 (5th Cir. 2021).

Accordingly, the judgment of the district court is AFFIRMED.