# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2022

Lyle W. Cayce
Clerk

No. 20-51001
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GEORGE LUIS GUZMAN,

*Defendant—Appellant*.

Appeal from the United States District Court for
the Western District of Texas
USDC No. 7:03-CR-96-1

Before HIGGINBOTHAM, DUNCAN, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

George Luis Guzman appeals the district court's order denying his motion to reduce his sentence under Section 404 of the First Step Act of 2018. We REMAND with instructions for the district court to explain its reasons for denial.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-51001

## FACTUAL AND PROCEDURAL BACKGROUND

In 2003, George Luis Guzman was convicted by a jury of conspiring to distribute cocaine base (count one), distributing cocaine (counts two and three), and aiding and abetting the distribution of five grams or more of cocaine base (count four). He was sentenced on each count to 327 months imprisonment, running concurrently, with six-year and eight-year terms of supervised release also running concurrently. Guzman's 327-month sentence of imprisonment was at the high end of his recommended Sentencing Guidelines range of 262–327 months. In 2015, Guzman moved to have his sentence reduced based on an amendment to the drug-trafficking guidelines—Amendment 782—that applied retroactively. The district court reduced his sentence from 327 months to 262 months imprisonment.

In 2019, Guzman moved for a sentence reduction under Section 404 of the First Step Act of 2018, which gives district courts discretion to reduce a defendant's sentence by retroactively applying the Fair Sentencing Act of 2010 to certain covered offenses. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. Guzman asked the district court to reduce his sentence of imprisonment from 262 months to 234 months and reduce his term of supervised release from 8 years to 6 years.

Following the Government's submission of a response and Guzman's reply thereto, the district court denied his motion in a one-page order. The November 30, 2020 order states, in pertinent part:

> Before the Court is the Defendant's Motion for Sentence Reduction Under Section 404 of the First Step Act (Doc. 138) filed February 19, 2019 and (Doc. 140) filed June 25, 2020, the Government's Response to the Defendant's Motion for Sentence Reduction (Doc. 145) filed September 28, 2020, and the Defendant's Reply to Government's Response (Doc. 146) filed October 6, 2020. After considering the applicable factors provided in § 404 and 18 U.S.C. § 3553(a) and the applicable

policy statements issued by the Sentencing Commission, the Court **DENIES** the Defendant's Motion on its merits. Accordingly,

It is **ORDERED** the Defendant's Motion for Sentence Reduction Under Section 404 (Docs. 138 and 140) [is] **DENIED**.

It is so **ORDERED**.

Guzman timely appealed this order.

## DISCUSSION

We review the district court's denial of a motion asserted under Section 404 of the First Step Act of 2018 for an abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019). "Under this standard, the defendant must show the court made an error of law or based its decision on a 'clearly erroneous assessment of the evidence.'" *United States v. Abdul-Ali*, 19 F.4th 835, 837 (5th Cir. 2021) (quoting *United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011)).

Guzman argues the district court erred by failing to provide a sufficiently detailed explanation for denying his motion. Thus, Guzman asks this court to remand the case to the district court and to instruct it to explain its reasoning for denying his motion. District courts are not required to provide "a detailed explanation of why they have denied a motion," but "sometimes review is possible . . . only with a statement of reasons for the denial." *United States v. Perez*, 27 F.4th 1101, 1103 (5th Cir. 2022) (quotation marks and citation omitted). As the Supreme Court recently instructed: "[T]he First Step Act [does not] require a district court to make a point-by-point rebuttal of the parties' arguments[;] [a]ll that is required is for a district court to demonstrate that it has considered the arguments before it." *Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022). Otherwise, we must guess why a motion was denied, which we decline to do. *See, e.g.,*

No. 20-51001

*United States v. Jackson,* 783 F. App'x 438, 439–40 (5th Cir. 2019) (unpublished) (per curiam) (remanding for district court to explain reasons for denial); *United States v. Riley,* 820 F. App'x 295, 296 (5th Cir. 2020) (unpublished) (per curiam) (remanding for explanation); *cf. Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) (court of appeals can remand for "a more complete explanation" of ruling on an 18 U.S.C. § 3582(c)(2) motion for sentence reduction).

Here, Guzman contends the district court's order is too sparse for this court to meaningfully review the decision. He says the order's lack of factual explanation makes the basis for the district court's decision unclear, renders this court's review impossible, and is an abuse of discretion. He also specifically identifies the district court's reliance on "applicable policy statements issued by the Sentencing Commission" as contributing to the order's lack of clarity because there are no policy statements from the Sentencing Commission that apply to Section 404 of the First Step Act.

In *Perez*, we reviewed a nearly identical order denying the defendant's motion for reduced sentence filed pursuant to Section 404 of the First Step Act. 27 F. 4th at 1102–03. After listing the parties' submissions, the district court's order stated that the court had "consider[ed] the applicable factors provided in § 404 and 18 U.S.C. § 3553(a)," and the "applicable policy statements issued by the Sentencing Commission." *Id.* at 1104. We concluded that the district court's reference to "applicable policy statements" in the context of a Section 404 motion, where there are no policy statements, raised concerns that the district court had applied an incorrect standard. *Id.* at 1103–04. Our primary concern was that the district court may have improperly applied compassionate release standards because certain compassionate release motions require review of policy statements, and the government's response misconstrued the defendant's motion as one for compassionate release based on his arguments related to COVID-19 risks.

*Id.* at 1102, 1104. Notably, however, "Perez [had] averred that he was not seeking compassionate release." *Id.* at 1104. Accordingly, we remanded the case to allow the district court to explain the reasons for denying Perez's motion. *Id.* at 1105. And, prior to the *Perez* decision, we did the same in *United States v. Stewart,* 857 F. App'x 822, 823 (5th Cir. 2021) (unpublished) (per curiam).

Here, the district court also referenced "applicable policy statements" where there are none. Like *Perez* and *Stewart*, this is a First Step Act, Section 404 motion; thus, a reference to "applicable policy statements" raises concerns that the district court applied the incorrect standard. *See id.* Guzman also made arguments focused on COVID-19 risks in his First Step Act motion, which may mean here, too, that the district court could have improperly applied the compassionate release standards.

We have also found additional clarification needed in First Step Act, Section 404 cases, like this one, in which the defendant has sought a reduction of a supervised release term, in addition to a term of imprisonment, but the district court fails to acknowledge the dual nature of the request. In such circumstances, the district court's explanation is unclear as to "whether the district court considered and implicitly rejected [the defendant's] request for a reduction of his term of supervised release, or merely overlooked it." *United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020); *see also Stewart*, 857 F. App'x at 823.

As noted above, Guzman's motion asked the district court to reduce his sentence of imprisonment from 262 months to 234 months and to reduce his 8-year term of supervised release to a 6-year term. And his reply to the Government's opposition proposed, in the alternative, that "the remaining 3.5 years of his imprisonment term be converted to supervised release time with a condition of six months' home confinement." The district court's

No. 20-51001

order, however, simply denied the motion without acknowledging that Guzman also sought relief relative to his supervised release term.

Given the foregoing, we REMAND for the limited purpose of allowing the district court to explain its reasons for denying Guzman's Section 404 motion. As we typically do in such situations, we will retain appellate jurisdiction. *United States v. Gomez*, 905 F.3d 347, 356 (5th Cir. 2018).