# United States Court of Appeals for the Fifth Circuit

———————

No. 22-50939
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Hernaldo Perea Beltran,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:00-CR-46-1

———————————————————

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Defendant-Appellant Hernaldo Perea Beltran, federal prisoner # 51158-180, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50939

Perea Beltran filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), asserting that the COVID-19 virus is dangerous to him and puts his life at risk, and that he needs to care for his elderly mother. Perea Beltran contends that the district court's "brief statement of reasons for denying his motion for compassionate release is unclear and does not resolve all the issues in controversy presented by the parties or provide enough information from which it could be determined whether it acted within its discretion." Perea Beltran also contends that the district court abused its discretion by failing to address whether the U.S.S.G. § 1B1.13 policy statement is binding.

District courts are not required to provide "a detailed explanation of why they have denied a motion," but "sometimes review is possible ... only with a statement of reasons for the denial." *United States v. Perez*, 27 F.4th 1101, 1103 (5th Cir. 2022) (quotation marks and citation omitted). The U.S. Supreme Court recently instructed that "the First Step Act [does not] require a district court to make a point-by-point rebuttal of the parties' arguments[;] [a]ll that is required is for a district court to demonstrate that it has considered the arguments before it." *Concepcion v. United States*, 142 S. Ct. 2389, 2405 (2022). Otherwise, we must guess why a motion was denied, which we decline to do. *See, e.g., United States v. Jackson*, 783 F. App'x 438, 439–40 (5th Cir. 2019) (unpublished) (per curiam) (remanding for district court to explain reasons for denial); *United States v. Riley*, 820 F. App'x 295, 296 (5th Cir. 2020) (unpublished) (per curiam) (remanding for explanation).

The government maintained in a footnote its own belief that the § 1B1.13 policy statement was authoritative and binding. However, the government noted that its theory is foreclosed by this court's holdings in *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021) and *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). The government asserts that although § 1B1.13 is not dispositive and nonbinding, § 1B1.13

informs the analysis of the extraordinary and compelling reasons for compassionate release.

Here, in its one-paragraph order denying compassionate release, the district court stated that it "consider[ed] the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission." The district court's order does not provide the factual basis for denial and leaves unanswered questions regarding the factual basis for denial and the policy statements it deemed applicable. In similar circumstances, we have remanded such cases for the district court to explain its reasons for denial. *See United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023) (unpublished) (per curiam); *United States v. Guzman*, No. 20-51001, 2022 WL 17538880, at *1 (5th Cir. Dec. 8, 2022) (unpublished) (per curiam). We follow the same course here. "As we typically do in such situations, we will retain appellate jurisdiction." *Guzman*, 2022 WL 17538880 at *3.

Perea Beltran also asserts that the case should be remanded to the district court with instructions to hold the appeal in abeyance until the United States Sentencing Commission issues new guideline amendments on November 1, 2023. However, because he raised this argument for the first time in his reply brief, we will not consider it. *See United States v. Rodriguez*, 602 F.3d 346, 360–61 (5th Cir. 2010); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

REMANDED.