# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50416
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
March 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR TORRES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-836-1

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Torres appeals as substantively unreasonable his 10-month prison term and 26-month additional term of supervised release imposed upon the revocation of his supervised release. He faults the district court for basing the revocation sentence in part on a finding that a state charge against him was pending when, in fact, it had been dropped; for neglecting to take into account various mitigating factors; and for too harshly penalizing him for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failing to communicate effectively with his probation officer.  Because Torres did not object to the revocation sentence in the district court, our review is for plain error only.  *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).

The district court referenced Torres's state charge only in the context of ordering his revocation sentence to be served consecutively to any state sentence he might receive, which is consistent with the policy statement in the Guidelines.  *See* U.S.S.G. Ch. 7, Pt.B, intro. comment.  The court did not mention any pending charges when explaining the factors it considered in determining the revocation sentence.  Moreover, Torres's assertion that the district court did not adequately consider mitigating factors does not demonstrate that the court improperly exercised its wide discretion in imposing a revocation sentence.  *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  His remaining arguments amount to a disagreement with the balance among the sentencing factors that the district court struck, but we will not reweigh those factors.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Generally, a revocation sentence, like Torres's, that falls within the maximum possible sentence does not constitute plain error, *see United States v. Whitelaw,* 580 F.3d 256, 265 (5th Cir. 2009), and there is nothing in the record to suggest that Torres's case presents an exception to this general rule, *see Warren*, 720 F.3d at 332.  Indeed, the district court listened to Torres's arguments and, in imposing the revocation sentence, explicitly considered the Chapter Seven policy statements and the relevant 18 U.S.C. § 3553(a) sentencing factors.  *See United States v. McKinney*, 520 F.3d 425, 427-28 (5th Cir. 2008); 18 U.S.C. § 3583(e)(3).  Torres has not shown that the district failed to take into account a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error in

No. 16-50416

judgment when balancing the sentencing factors. *See Warren,* 720 F.3d at 332.
The district court's judgment is AFFIRMED.