# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-20129

————

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ANTHONY RAY FOLEY,

Defendant – Appellant

————

Appeals from the United States District Court
for the Southern District of Texas

————

Before WIENER, HIGGINSON, and HO, Circuit Judges.

WIENER, Circuit Judge:

Defendant-Appellant Anthony Foley appeals his twenty-four month sentence for violating a condition of his supervised release. Foley contends that the district court improperly relied on "bare allegations" of new violations of law contained in the revocation petition. We have not previously held in a published decision whether such reliance constitutes error. We do so now and AFFIRM the decision of the district court.

No. 19-20129

## I. BACKGROUND

In March 2009, Foley pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced him to 120 months of imprisonment, followed by three years of supervised release. The conditions of supervised release prohibited Foley from committing any crime and required him to report any arrest or questioning by law enforcement to his probation officer within seventy-two hours.

Foley's supervised release began in December 2016. In January 2019, the U.S. Probation Office filed a petition to revoke Foley's supervised release, alleging that he had violated his supervised release by: (1) committing a new violation of law because he was arrested and charged by the state with possession with the intent to manufacture or deliver a controlled substance, (2) committing a new violation of law because he was arrested and charged by the state with assault of a family member, and (3) failing to notify his probation officer within seventy-two hours following his arrest.

At the revocation hearing, the government withdrew the first two alleged violations because the possession and assault charges remained pending in state court. Explaining the decision to withdraw the first two alleged violations, counsel for the government said: "Having conversed with the [state's] prosecutor actually handling the cases, I believe that they have a very strong case that they wish to pursue. And given the amount of time that he's looking at on the state side versus what he's looking at here, I don't wish to interfere in their prosecution." Foley pleaded true to the remaining revocation charge of failure to notify the probation officer of his arrest within seventy-two hours, a grade C violation under United States Sentencing Guideline § 7B1.1(a)(3). Foley had a criminal history category of V, so his revocation

No. 19-20129

guideline range was seven to thirteen months of imprisonment.[1] The maximum revocation sentence for a grade C violation of supervised release is twenty-four months.[2]

The government requested a sentence of thirteen months imprisonment. Defense counsel requested a sentence of seven months of imprisonment, with no additional supervised release. During allocution, Foley implored the court, "please let me be done with the federal system, and let me go back to Harris County because I'm dealing with a tougher matter than, you know, what I'm dealing with [in] the federal."

The district court sentenced Foley to twenty-four months of imprisonment, to run consecutively to any state sentence given for the pending charges, with no additional term of supervised release. At sentencing, the district court explained:

> Considering the seriousness of the pending charges, his criminal history category of five, which is second highest in the whole federal system—six is the very highest. He's back in front of me at a criminal history category of five—and his willful failure to notify the probation office within 72 hours of arrest, and I believe, based upon these pending—just pending charges, he's a continued threat to the community. I believe an upward variance is appropriate.

Foley promptly objected to the sentence on the grounds that it was greater than necessary to satisfy the objectives of 18 U.S.C. § 3553(a), and he timely filed a notice of appeal. On appeal, Foley contends that the district court erred when it based his sentence on the unsupported allegations regarding his commission of the possession and assault offenses.

---

[1] *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a).
[2] 18 U.S.C. § 3583(e)(3).

No. 19-20129

## II. STANDARD OF REVIEW

When a defendant preserves his objection for appeal, we review a sentence imposed on revocation of supervised release under a "plainly unreasonable" standard.[3] Under this standard, we first "ensure that the district court committed no significant procedural error, such as failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence, including failing to explain a deviation from the Guidelines range."[4] We "then consider 'the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'"[5] "A sentence is substantively unreasonable if it '(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors.'"[6] Even if we determine that a sentence is substantively unreasonable, we only vacate it if the error is "obvious under existing law," so that the sentence is not just unreasonable but is *plainly* unreasonable.[7]

## III. ANALYSIS

The parties agree that Foley preserved his objection to the sentence and that we should review his sentence under the plainly unreasonable standard. Foley argues that the district court imposed a substantively unreasonable sentence because it improperly gave significant weight to the unsubstantiated, bare allegations in the revocation petition concerning his commission of the

---

[3] *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).

[4] *Id.* (quoting *United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012)).

[5] *United States v. Winding*, 817 F.3d 910, 913 (5th Cir. 2016) (quoting *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011)).

[6] *Warren*, 720 F.3d at 332 (quoting *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007)).

[7] *United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018); *Warren*, 720 F.3d at 326; *Miller*, 634 F.3d at 843.

possession and assault offenses.[8] "A sentence is substantively unreasonable if it . . . gives significant weight to an irrelevant or improper factor"[9] and that "impermissible consideration is a dominant factor in the court's revocation sentence."[10] We first consider whether the district court gave weight to an impermissible factor and, if it did so, we then determine whether that factor was dominant in the revocation sentence. Doing so in this case, we conclude that the district court erred because it gave significant weight to the bare allegations contained in the revocation petition regarding Foley's arrest on the assault and possession charges and because this impermissible factor was a dominant factor in its decision. Nonetheless, we ultimately affirm the instant decision of the district court because this error is not clear under our existing law.

Generally, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."[11] However, we have routinely held that it is improper for the district court to rely on a "bare" arrest record in the context of sentencing following a criminal conviction.[12] "An arrest record is 'bare' when it refers . . . 'to the mere fact of an arrest—i.e.[,] the date, charge, jurisdiction and disposition—without corresponding information about the underlying facts or circumstances regarding the defendant's conduct that led to the

---

[8] Foley does not argue that the district court committed procedural error and has thus waived any argument regarding procedural error. *See, e.g., United States v. Ogle*, 415 F.3d 382, 383 (5th Cir. 2005) (holding an argument not raised in appellant's brief is waived).

[9] *Warren*, 720 F.3d at 332 (internal quotation omitted).

[10] *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015) (citing *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014)).

[11] 18 U.S.C. § 3661.

[12] *See, e.g., United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019); *United States v. Harris*, 702 F.3d 226, 232 (5th Cir. 2012).

arrest.'"[13] In contrast, an arrest record is not bare, and may be relied on, "when it is accompanied by a 'factual recitation of the defendant's conduct that gave rise to a prior unadjudicated arrest' and 'that factual recitation has an adequate evidentiary basis with sufficient indicia of reliability.'"[14]

We have applied this rule in the context of probation revocation and sentencing relating to a special condition of supervised release.[15] In *United States v. Weatherton*, we held that the district court properly relied on information in the revocation petition which alleged that a warrant for the defendant's arrest had been issued for attempted first degree murder, aggravated kidnapping, and aggravated rape.[16] We concluded that the allegations had sufficient indicia of reliability to be relied on because they contained a "reasonably detailed" account of the alleged crimes.[17]

We have intimated that this rule applies in the context of supervised release revocation and sentencing, but we have not expressly done so in a published opinion.[18] In *United States v. Perez*, the district court declined to hear evidence related to the defendant's commission of three new law violations alleged in the revocation petition despite the government's readiness

---

[13] *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013) (quoting *Harris*, 702 F.3d at 229) (alteration in original).

[14] *Id.* (quoting *Harris*, 702 F.3d at 231).

[15] *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009); *United States v. Deleon*, 280 F. App'x 348, 351 (5th Cir. 2008).

[16] *Weatherton*, 567 F.3d at 154.

[17] *Id.* at 154 n.3 ("The petition for revocation states: The offense details indicate the defendant took a female to a[n] open field where he beat, strangled, and raped her. After she pled for her life, he left her bound at the ankles and wrists and unclothed from the waist down. The victim managed to get only her feet untied and she ran to a nearby chemical plant, where workers discovered her walking with her hands bound and unclothed from the waist down.").

[18] *See United States v. Perez*, 460 F. App'x 294, 302 (5th Cir. 2012) (unpublished); *United States v. Standefer*, No. 95-50043, 1996 WL 46805, *3 (5th Cir. Jan. 15, 1996) (unpublished).

to offer testimony and documentation about the violations.[19] We concluded, in an unpublished opinion, that any reliance on the bare allegations of the violations to determine the appropriate revocation sentence would constitute error.[20] Similarly, in *United States v. Standefer*, we concluded that the district court erred in revoking the defendant's supervised release because the government had failed to produce any evidence regarding the new law violations alleged in the revocation petition as the reasons for revocation.[21]

We now hold that a district court errs when it relies on a bare allegation of a new law violation contained in a revocation petition unless the allegation is supported by evidence adduced at the revocation hearing or contains other indicia of reliability, such as the factual underpinnings of the conduct giving rise to the arrest.

In this case, the revocation petition contains only bare allegations regarding Foley's state arrest on the possession and assault charges. The revocation petition includes information about the date, charge, jurisdiction, and disposition of the pending possession and assault charges, including that Foley was (1) arrested by the Houston Police Department on December 29, 2019; (2) charged with possession with the intent to manufacture or deliver a controlled substance in violation of Texas Health and Safety Code, Chapter 481.112 under cause number 1616504 in Harris County Criminal Court; (3) charged with assault of a family member in violation of Texas Penal Code Section 22.01 under cause number 2240131 in Harris County Criminal Court; and (4) released on bond on January 1, 2019. The petition also states that Foley's next state court dates were February 27, 2019 on the possession charge

---

[19] *Perez*, 460 F. App'x at 302.

[20] *Id.* (vacating sentence on other grounds and remanding with instructions to clearly indicate whether the court relied on the unsupported new law violations in sentencing).

[21] *Standefer*, 1996 WL 46805 at *3.

and February 28, 2019 on the assault charge. The revocation petition does not provide any context regarding the underlying facts and circumstances surrounding Foley's arrest or his conduct leading to the arrest.

Although the government, defense counsel, and the defendant each referenced the pending charges at the revocation hearing, none introduced evidence relating to those charges. In fact, the government stated, "we wish to allow [the state] to handle [the possession and assault] cases and not bring them here to have to prove them up." Despite the government's acknowledgement of the "strong case" in state court, it did not introduce evidence of the underlying facts and circumstances related to the pending charges. Defense counsel likewise acknowledged that the defendant faced "state charges with a significant penalty" but did not provide any information regarding the underlying charges. Foley requested that he be released from the federal system so that he could handle the "tougher matter" pending in state court. He did not, however, admit to the behavior, provide context surrounding the charges, or otherwise give the charges any indicia of reliability.

The revocation petition included only bare allegations of new violations of law, and the allegations were not supported by evidence at the revocation hearing and do not have other indicia of reliability. As a result, these bare allegations were impermissible factors for the district court to consider. We next consider whether these improper factors were dominant factors in the revocation sentence.

Even when the district court considers an impermissible factor in imposing a revocation sentence, we will not vacate that sentence unless the impermissible factor was a dominant factor in the court's decision.[22] For

---

[22] *Rivera*, 784 F.3d at 1017; *Walker*, 742 F.3d at 617.

example, in *United States v. Walker*, we upheld the imposition of a revocation sentence which gave some weight to the impermissible factor of the defendant's rehabilitative needs because "it was at most a secondary concern or additional justification for the sentence, not a dominant factor."[23] We did so because "the district court referred to rehabilitation only after detailing [the defendant's] multiple violations of his conditions of supervised release" and after considering the § 3553(a) factors.[24] In contrast, we concluded in *United States v. Wooley* that the impermissible factor of the defendant's rehabilitative needs "pervaded the court's sentencing determination," despite the court's reference to other factors, because the court repeatedly expressed concern for the defendant's need for treatment and expressly stated that it sentenced him to thirty months "for purposes of getting [him] that help."[25]

In the instant case, the unsubstantiated assault and possession charges were a dominant factor in the court's imposition of the twenty-four month sentence because those charges pervaded the hearing. At the beginning of the revocation hearing, the district court expressed frustration with the government's withdrawal of the alleged violations of supervised release related to the commission of new offenses, repeatedly questioning the government's reasoning for doing so. The court expressed concern about the government's decision to defer to the state-court prosecution of the charges, noting that even though Foley faced a prison term of twenty-five years to life on those charges, "there's no guarantee what's going to happen in those cases, correct? . . . In state court, as you know . . . there's parole or, . . . they can give him 25 years probated, walk him out the door."

---

[23] *Walker*, 742 F.3d at 617.

[24] *Id.*

[25] *United States v. Wooley*, 740 F.3d 359, 361, 363 (5th Cir. 2014); *see also Rivera*, 784 F.3d at 1017 (holding impermissible factor was dominant in the revocation sentence because it was "the district court's main focus throughout the hearing").

No. 19-20129

When imposing the sentence, the district court explained that it had considered: (1) *the seriousness of the pending charges*, (2) the defendant's criminal history category, (3) the defendant's willful failure to notify his probation officer of his arrest, and (4) the defendant's continued threat to society, *based on the pending charges*. It is clear from the transcript of the revocation hearing that the district court impermissibly gave substantial weight to the unsubstantiated assault and possession charges alleged in the revocation petition.[26]

Nevertheless, this error was not clear under existing law. And we only reverse a sentencing court if we further determine that the error was "obvious under existing law."[27] We have never held, in a published opinion, that it is impermissible for the sentencing court to rely on "bare allegations" of new law violations alleged in a revocation petition. Consequently, the district court's error was not plainly unreasonable.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.

---

[26] *Contra United States v. Torres*, 680 F. App'x 349 (5th Cir. 2017) (finding no reliance on pending state charges, which had in fact been dropped, because the court referenced the charges only in the context of ordering the revocation sentence to be served consecutively to any state sentence).

[27] *Miller*, 634 F.3d at 843 (upholding a revocation sentence even though the district court erred in giving significant weight to an impermissible factor because the error was not obvious under existing law, noting that "our circuit's law on this question was unclear"); *United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007) (holding that because of unsettled case law, district court's error was not obvious and, therefore, not plain).