# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2023

Lyle W. Cayce
Clerk

No. 22-60343
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Latasha Wise,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CR-90-1

———————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Latasha Wise appeals the sentence imposed following the district court's revocation of supervised release. She argues that the court erred by rejecting her plea to violating the conditions of her supervised release and that it abused its discretion by sentencing her to 24 months of imprisonment.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60343

Even if we assume arguendo that the same standards governing guilty pleas applied to Wise's revocation proceedings and that the district court was required to articulate a good reason for rejecting her plea, the transcript of the first revocation hearing reflects that the court did so. The court explained that it rejected her plea because she equivocated about whether she knew that she was violating the conditions of her supervised release, and Wise does not address this reason in her brief. *See Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Smith*, 417 F.3d 483, 486-87 (5th Cir. 2005); *United States v. Martinez*, 486 F.2d 15, 20 (5th Cir. 1973).

Asserting that the district court procedurally erred by failing to consider 18 U.S.C. § 3553(a) and Chapter 7 of the Guidelines when imposing her sentence, Wise argues that her sentence is unreasonable given the facts of her case and her guidelines range. We review her procedural challenges for plain error because she did not present these specific objections to the district court. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir.), *cert. denied*, 142 S. Ct. 207 (2021). However, we review the substantive reasonableness of the sentence for abuse of discretion under a plainly unreasonable standard because she preserved this objection. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766-67 (2020); *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020).

The district court did not procedurally err, plainly or otherwise, in imposing Wise's revocation sentence because it expressly considered Chapter 7 of the Guidelines at the final revocation hearing, where its lengthy discussion of the sentence imposed reflects consideration of Wise's arguments and several applicable § 3553(a) factors. *See United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001); 18 U.S.C. §§ 3553(a), 3583(e). Wise has also failed to show that her sentence, the statutory maximum, is substantively unreasonable. *See Foley*, 946 F.3d at 685. Accordingly, the judgment of the district court is AFFIRMED.