# United States Court of Appeals for the Fifth Circuit

---

No. 22-50992
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 20, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KIMBERLY SUE PIERCE,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:13-CR-348-1

---

Before JOLLY, SMITH, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Kimberly Sue Pierce appeals the 36-month, above-guidelines sentence imposed following the revocation of her supervised release. She contends that her sentence is procedurally and substantively unreasonable for three reasons, and we address each one in turn.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Sentences imposed upon revocation of supervised release are reviewed in a two-step process. *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). We must first ensure the district court committed no significant procedural error and then consider the substantive reasonableness of the sentence. *Id.* Even if we determine that a revocation sentence was unreasonable, we may only vacate if the error is "obvious under existing law, so that the sentence is not just unreasonable but is *plainly* unreasonable." *Id.* (internal quotation marks and citation omitted). Pierce contends that the plainly unreasonable standard is incorrect and that revocation sentences should be reviewed under the standard of reasonableness set forth in *United States v. Booker*, 543 U.S. 220 (2005). She acknowledges that this argument is foreclosed but seeks to preserve the issue for further review.

Pierce did not object to the reasonableness of her sentence on two of the three grounds now presented on appeal. We review her unpreserved arguments for plain error and her preserved argument for abuse of discretion. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). To establish plain error, Pierce must show that the district court committed a clear or obvious error that affected her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if she makes this showing, we will correct an error only if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.*

First, Pierce presents the unpreserved claim that the district court failed to adequately explain the reasons for the above-guidelines sentence. The district court is required to articulate the reasons for imposing an above-guidelines sentence upon revocation of supervised release. *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012). The explanation must be sufficient to allow for meaningful review; however, there is no required language, and implicit consideration of the sentencing factors is generally

sufficient. *Id.* Here, before imposing the sentence, the district court expressed its evaluation of the factual circumstances and adequately articulated the 18 U.S.C. § 3553(a) sentencing factors upon which it relied. Accordingly, Pierce is unable to demonstrate the requisite plain error. *See id.*; *see also Puckett*, 556 U.S. at 135.

Second, for the first time on appeal, Pierce argues that the district court relied on prohibited sentencing factors, namely, punishment for the underlying criminal conduct resulting in the violation of supervision and her rehabilitative needs. Her argument is unavailing. Although the district court initially expressed concern that Pierce inherently possessed drugs to use them, it later removed the alleged possession violation from its calculation of the guidelines range and disregarded such criminal conduct from its sentencing determination. The record instead demonstrates that the court's goal was to sanction Pierce's "breach of trust" due to her repeated noncompliance with the conditions of her supervised release. *See United States v. Cano*, 981 F.3d 422, 426 (5th Cir. 2020). Next, not only was her need for rehabilitation entirely absent from the court's pronouncement, but so was Pierce's drug use. Accordingly, Pierce is unable to show that either of these prohibited factors was considered, let alone dominant. *See United States v. Walker*, 742 F.3d 614, 617 (5th Cir. 2014). Thus, there was no plain error. *See id.*; *see also Puckett*, 556 U.S. at 135.

Finally, Pierce has failed to show that her sentence was substantively unreasonable. There is no indication in the record that an important factor was overlooked, that an improper factor was given significant weight, or that the imposed sentence suggests a clear error of judgment in the court's balancing of the factors. *See Foley*, 946 F.3d at 685. We will not reweigh the sentencing factors and substitute our own judgment for that of the district court, as Pierce requests. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). To the extent she argues that her sentence is plainly

unreasonable because it is nearly twice that of the top of the advisory range, such a variance does not warrant a different conclusion. We have "routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted); *see Whitelaw*, 580 F.3d at 265.

AFFIRMED.