# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50092
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 12, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

HENRY VILLANUEVA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-232-6

---

Before SMITH, HIGGINSON, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:[*]

Henry Villanueva appeals the 36-month, above-guidelines sentence imposed following the revocation of his supervised release. Villanueva contends that his sentence is procedurally and substantively unreasonable.

Sentences imposed upon revocation of supervised release are reviewed in a two-step process. *United States v. Foley*, 946 F.3d 681, 685 (5th

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Cir. 2020). We must first ensure the district court committed no significant procedural error and then consider the substantive reasonableness of the sentence. *Id.* Even if we determine that a revocation sentence was unreasonable, we may vacate only if the error is "obvious under existing law, so that the sentence is not just unreasonable but is *plainly* unreasonable." *Id.* (internal quotation marks and citation omitted).

Villanueva did not object to the procedural reasonableness of his sentence, objecting only to the substantive reasonableness of the sentence imposed. We review his unpreserved argument for plain error and his preserved argument for abuse of discretion. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009); *United States v. Sanchez*, 900 F.3d 678, 685 (5th Cir. 2018). To establish plain error, Villanueva must show that the district court committed a clear or obvious error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he makes this showing, we will correct an error only if it seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.*

First, Villanueva presents the unpreserved claim that the district court failed to adequately explain the reasons for the above-guidelines sentence. The district court is required to articulate the reasons for imposing an above-guidelines sentence upon revocation of supervised release. *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012). The explanation must be sufficient to allow for meaningful review; however, there is no required language, and implicit consideration of the sentencing factors is generally sufficient. *Id.* Here, the district court adequately explained its reasons for imposing the above-guidelines revocation sentence. The court confirmed that it reviewed the policy statements in Chapter Seven and the relevant 18 U.S.C. § 3553(a) sentencing factors and expressed that an above-guidelines sentence was appropriate under the circumstances. In particular, the court expressed concern that Villanueva "lack[ed] the desire to make levelheaded

and rational decisions" and found that the guidelines range was inadequate based, in part, on Villanueva's history and characteristics and the need to protect the public and deter future criminal conduct. *See* §§ 3583(e) & 3553(a)(1), (a)(2)(B)-(C). Moreover, the sentence was imposed within the framework of extensive knowledge and assessment of the circumstances: (1) this same judge adjudicated Villanueva's prior revocation on a different conviction; (2) the court received evidence and testimony concerning the conduct resulting in the underlying revocation; (3) the court considered the violation grade and the applicable sentencing range; and (4) the court considered Villanueva's personal progress, including his completion of numerous courses while incarcerated.

Even if Villanueva could show the district court's explanation constituted clear or obvious error, he has failed to show that his substantial rights were affected or that this court should exercise its discretion to correct the error, as "there is no indication that the district court would impose a lighter sentence on remand and the record [is] more than sufficient for us to assess the reasons and reasonableness of [Villanueva's] sentence." *Whitelaw*, 580 F.3d at 264-65. Accordingly, Villanueva is unable to demonstrate the requisite plain error. *See id.*; *see also Puckett*, 556 U.S. at 135.

Second, Villanueva has failed to show that his sentence was substantively unreasonable. There is no indication in the record that an important factor was overlooked, that an improper factor was given significant weight, or that the imposed sentence suggests a clear error of judgment in the court's balancing of the factors. *See Foley*, 946 F.3d at 685. We will not reweigh the sentencing factors and substitute our own judgment for that of the district court, as Villanueva suggests. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

AFFIRMED.