# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30430
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TROY A. BELL,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-51-2

---

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

The district court revoked Troy A. Bell's supervised release and sentenced him to 24-months' imprisonment for violating a condition of supervision by unlawfully possessing marihuana. Bell contends the court procedurally erred by basing its sentence on clearly-erroneous facts: those surrounding a new arrest detailed in the violation worksheet.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-30430

Because Bell preserved his objection to the reasonableness of his revocation sentence, review is under the "plainly unreasonable" standard. *E.g.*, *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020); *see also* Fed. R. Crim. P. 51(b) (outlining error preservation). Under that standard, our court first considers whether the district court committed a procedural error, such as selecting a sentence based on clearly-erroneous facts. *E.g.*, *Foley*, 946 F.3d at 685. If there is no procedural error, our court next considers the substantive reasonableness of the sentence under an abuse-of-discretion standard. *E.g.*, *United States v. Warren*, 720 F.3d 321, 326, 332 (5th Cir. 2013). A sentence based on erroneous and material information violates due process. *Id.* at 330–31. "[T]he burden is on the defendant to demonstrate that the district court relied on materially untrue information". *Id.* at 331 (citation omitted).

Revocation sentencing proceedings are "relatively informal" and the rules of evidence do not apply. *Id.* at 329; Fed. R. Evid. 1101(d)(3) (explaining Federal Rules of Evidence do not apply to revocation proceedings); *United States v. Williams*, 847 F.3d 251, 253 (5th Cir. 2017). Bell cites no precedent supporting his claim that the violation worksheet cannot be considered or must be admitted into evidence. Neither does he present any evidence to contradict the accuracy of the worksheet. Additionally, the court stated it was basing the revocation sentence solely on the admitted drug use. Bell, therefore, fails to show the district court based its sentence on erroneous facts. *See, e.g.*, *Foley*, 946 F.3d at 685 (outlining standard). Even if it did, Bell also fails to show the court relied on the facts in the worksheet as a dominant factor in imposing the sentence. *See id.* at 687 ("Even when the district court considers an impermissible factor in imposing a revocation sentence, we will not vacate that sentence unless the impermissible factor was a dominant factor in the court's decision.").

No. 23-30430

Although Bell erroneously classifies his sentence as an upward departure, the court sentenced him to 12-months' imprisonment on both counts of his original conviction, and his consecutive sentences were within the applicable Guidelines sentencing range. *See* Guideline § 7B1.4(a) (providing "Revocation Table"); *United States v. Ybarra*, 289 F. App'x 726, 730 (5th Cir. 2008) (citing *United States v. Gonzalez*, 250 F.3d 923, 926–29 (5th Cir. 2001)) (explaining consecutive sentences within Guidelines sentencing range for each count is not upward variance). To the extent Bell contends his 24-months' sentence is plainly unreasonable, a presumption of reasonableness applies to his within-Guidelines sentence. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (applying presumption). He has not shown the district court failed to consider a significant factor, gave weight to an irrelevant or improper factor, or otherwise committed a clear error of judgment when balancing the sentencing factors. *See, e.g.*, *Warren*, 720 F.3d at 332 (identifying how sentence can be substantively unreasonable).

AFFIRMED.