# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2024

Lyle W. Cayce
Clerk

No. 23-50596
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

OSCAR NIAVEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:21-CR-896-1

Before DAVIS, WILLETT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Oscar Niavez appeals the 48-month sentence, above-guidelines sentence imposed following the revocation of his supervised probation. He contends that his sentence is procedurally and substantively unreasonable.

Sentences imposed upon revocation of supervised release are reviewed in a two-step process. *United States v. Foley*, 946 F.3d 681, 685 (5th

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Cir. 2020). We must first ensure the district court committed no significant procedural error and then consider the substantive reasonableness of the sentence. *Id.* Even if we determine that a revocation sentence was unreasonable, we may vacate only if the error is "obvious under existing law, so that the sentence is not just unreasonable but is plainly unreasonable." *Id.* (internal quotation marks and citation omitted). However, Niavez did not object to the procedural or substantive reasonableness of his sentence. We therefore review his arguments for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

As to procedural error, Niavez contends that the court failed to make an individualized assessment of the 18 U.S.C. § 3553(a) factors and failed to adequately explain the reasons for the above-guidelines sentence. However, the record makes clear the court considered the parties' arguments, applicable policy statements, and the § 3553(a) factors. He has shown no reversible plain error. *See Whitelaw*, 580 F.3d at 259; *United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012).

Niavez also argues that his sentence was substantively unreasonable because the factors the court relied on were taken into account by the guidelines range and were not so extreme as to justify a variance. Niavez correctly concedes that a district court may consider factors contemplated by the guidelines for an upward variance. *See United States v. Hudgens*, 4 F.4th 352, 358 (5th Cir. 2021). The district court considered Niavez's extensive list of probation violations, some of which involved criminal and violent conduct, as well as the leniency he had received previously. Niavez has not shown that the court's conclusion that an upward variance to 48 months was warranted constitutes reversible plain error.

AFFIRMED.