# United States Court of Appeals for the Fifth Circuit

_____

No. 23-30652
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DONALD COFFEY,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:22-CR-293-1

_____

Before BARKSDALE, ENGELHARDT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Donald Coffey challenges his above-Guidelines 18-months' sentence imposed following revocation of his supervised release. Generally, our court reviews a challenge to a revocation sentence under a "plainly unreasonable" standard. *E.g.*, *United States v. Fuentes*, 906 F.3d 322, 325 (5th Cir. 2018) (outlining standard). The "plainly unreasonable" standard is "more

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

deferential" than the general standard for reviewing the reasonableness of criminal sentences.

Along that line, our court has observed that "the Sentencing Commission intended to give district courts substantial latitude in devising revocation sentences". *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (citation omitted). If there is no procedural error, our court considers the substantive reasonableness of the sentence under an abuse-of-discretion standard. *See United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). "Even if we determine that a sentence is substantively unreasonable, we only vacate it if the error is obvious under existing law, so that the sentence is not just unreasonable but is plainly unreasonable." *Id.* (emphasis omitted) (citation omitted).

Coffey first contends the district court procedurally erred by basing his sentence on a clearly erroneous fact: that Coffey was "antisocial". He asserts this was a diagnosis unsupported by the record. Because Coffey did not make this assertion in the district court, and his objection at the revocation hearing was not sufficient to preserve the issue, review is only for plain error. *See United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020) (outlining standard). Under that standard, Coffey must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

The record shows the remark that Coffey's conduct "reek[ed] of antisocial activity" was merely a characterization of his "history and characteristics" and "the nature and circumstances of" his supervised-

release violations. 18 U.S.C. § 3553(a)(1); *see also id.* § 3583(e) (permitting revocation of supervised release). Coffey, therefore, fails to show the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135. (Even if he were able to show a clear-or-obvious error, he does not show it affected his substantial rights. *See id.*)

Coffey next maintains the court substantively erred by making a clear error of judgment in balancing the sentencing factors by improperly placing significant weight on unsupported assumptions that he exhibited "antisocial behavior" and had a "disdain for the rules". Review of Coffey's specific assertion is arguably for plain error because he did not object "on the specific grounds he now raises". *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *see also Cano*, 981 F.3d at 425. Nevertheless, we review under the less-deferential standard because his claim fails under both.

The record does not show the court improperly gave significant weight to unsupported assumptions; therefore, Coffey fails to show the requisite abuse of discretion. *See Foley*, 946 F.3d at 685; *Warren*, 720 F.3d at 332.

Regarding Coffey's general substantive-reasonableness challenge, the record shows the court did not abuse its discretion in balancing the sentencing factors. *See Warren*, 720 F.3d at 332. Coffey's contention amounts to nothing more than a disagreement with the court's balancing of the applicable 18 U.S.C. § 3553(a) sentencing factors, which our court will not reweigh. *See id.*

AFFIRMED.