# United States Court of Appeals for the Fifth Circuit

---

No. 24-10068
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER DUNCAN,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-426-1

---

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Christopher Duncan previously pleaded guilty to possession of child pornography and was sentenced to 30 months of imprisonment and 15 years of supervised release. Duncan began serving his supervised release term on June 9, 2021. After conducting a revocation hearing, the district court

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

revoked his term of supervised release and sentenced him to eight months of imprisonment and a lifetime term of supervised release. He now appeals.

According to Duncan, the lifetime term of supervised release imposed by the district court is plainly unreasonable because the court imposed it by default without consideration of the facts and circumstances of his case. To preserve the issue for further review, Duncan also argues that his revocation sentence should be reviewed for reasonableness after *United States v. Booker*, 543 U.S. 220 (2005). This argument lacks merit as this court has held that revocation sentences are reviewed under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Although Duncan argued for a lesser sentence and objected to the lifetime term of supervised release as excessive, he did not argue that the district court arbitrarily imposed a default lifetime term of supervised release without consideration of the facts and circumstances of his case. Nevertheless, because Duncan's argument fails under the plainly unreasonable standard, we pretermit the standard of review issue and assume the argument was preserved. *See United States v. Sanchez*, 900 F.3d 678, 682 (5th Cir. 2018).

While the district court stated that in cases like this, its preferred course of action was to impose a lifetime term of supervised release, the court also specifically stated that it had considered the relevant 18 U.S.C. § 3553(a) factors, including Duncan's history and characteristics, the underlying offense of conviction, the need to protect the public, and the need to afford adequate deterrence to criminal conduct. The district court heard extensive testimony from Duncan's psychotherapist and his probation officer concerning his violations, which continued over many months, and his unsuccessful discharge from the treatment program, which indicated he posed a higher risk to the community. The district court also heard the

parties' arguments, a statement from Duncan's mother, and Duncan's allocution. The court indicated it was greatly concerned by Duncan's possession of two unmonitored, unapproved internet-capable devices.

Unlike *United States v. Alvarado*, 691 F.3d 592, 598 (5th Cir. 2012), on which Duncan relies, there is no indication in the record that the district court automatically imposed a lifetime term of supervised release in this case. The record reflects that the district court carefully considered the § 3553(a) factors before making its decision concerning the appropriate sentence. Therefore, Duncan has not shown that the district court automatically imposed the lifetime term of supervised release or that the lifetime term of supervised release was plainly unreasonable. *See United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020).

AFFIRMED.