# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2024

Lyle W. Cayce
Clerk

No. 24-50059

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JENNIFER GUERRERO,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:15-CR-160-1

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.
PER CURIAM:[*]

Jennifer Guerrero appeals her 60-month revocation sentence following repeated violations of her supervised release conditions. We affirm.

## I.

In 2015, Guerrero pled guilty of aiding and abetting the possession with intent to distribute of 50 grams or more of methamphetamine. The district court sentenced her to 87 months' imprisonment and four years'

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

supervised release. Guerrero's release conditions required her to abstain from intoxicants, not commit another crime, not unlawfully possess a controlled substance, and notify her probation officer within 72 hours of being arrested or questioned by law enforcement.

Guerrero's release term began on October 8, 2021. About nine months later, police were called to the home of her boyfriend, Scott. Guerrero was found highly intoxicated and in an altercation with Scott. As a result, Guerrero's probation officer notified the district court she had violated two supervised release conditions—specifically, abstaining from intoxicants and reporting in after being questioned by police. But the probation officer, after telling Guerrero to move out of Scott's home and seek counseling, recommended the court take no action.

Several months later, Guerrero was arrested for assault and public intoxication after attacking a customer in front of her workplace. Not long after, Guerrero tested positive for alcohol during a home visit and had a criminal complaint filed against her for trespassing on Scott's property. The probation officer again recommended the court take no action given Guerrero's agreement to modify her release terms to require remote alcohol testing and avoid contact with Scott.

In August 2023, Guerrero's probation officer petitioned the court to remove the remote alcohol testing requirement because the program was no longer available. The petition (which the district court accepted) stated Guerrero was "continu[ing] to work on her sobriety, mental health, and anger issues by continuously attending co-occurring counseling at Metis Counseling and Wellness." She was also "taking her psychotropic medications" and seeing a psychiatrist.

On October 19, 2023, however, the probation officer petitioned the court to revoke Guerrero's release after she tested positive for

methamphetamine. At the revocation hearing, Guerrero admitted to violating the release conditions concerning her use of intoxicants and possession of illegal substances. The district court found the sentencing range for those violations was 8–14 months.

After hearing defense counsel's request for either supervised release or a low-end sentence, the court revoked Guerrero's release and sentenced her to 60 months' imprisonment. In explaining why it varied upward, the district court stated:

> Ms. Guerrero seems to have a complete disregard of the Court's conditions and has reoffended repeatedly while on supervised release. Given opportunities to continue counselling for substance abuse and mental health treatment, she's stopped appearing, stopped showing up, and has even been offered opportunities on her days off from work to continue to work with U.S. Probation and has expressed that she has no desire to do that. The Court will take Ms. Guerrero's repeated noncompliance and disregard for her conditions as a breach of the Court's trust with her. Her tendency toward, again, repeatedly failing to comply, likelihood to reoffend, her history and characteristics, the need to deter criminal conduct and protect the public from future crimes.

Guerrero now appeals her sentence.

## II.

### A.

Guerrero first argues that the district court procedurally erred by basing her sentence on clearly erroneous facts. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Specifically, she argues the court relied on unsubstantiated claims about her commitment to substance abuse and mental health treatment. As both parties acknowledge, Guerrero did not raise this

objection at sentencing, so we review for plain error. *See United States v. Whitelaw,* 580 F.3d 256, 259 (5th Cir. 2009). "To prevail, [Guerrero] must establish: (1) an error; (2) that is clear and obvious; and (3) that affected [her] substantial rights." *United States v. Hernandez–Martinez*, 485 F.3d 270, 273 (5th Cir. 2007) (citing *United States v. Olano*, 507 U.S. 725, 732–34 (1993)). If she does so, we "can exercise [our] discretion to notice the forfeited error only if 'the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Ibid.* (quoting *Olano*, 507 U.S. at 732).

Guerrero singles out the district court's statements that she "stopped appearing, stopped showing up" for treatment, contending that they lack any support in the revocation hearing record. We disagree. A sentencing recommendation submitted to the court and signed by Guerrero's probation officer states: "Guerrero was given the opportunity to continue her counseling for substance abuse and mental health treatment; however, she stopped showing up due to her work schedule. . . . Guerrero stated she is off every Thursday, therefore she is not interested in working toward her relapse [*sic*] and has no desire to change."

Guerrero has therefore failed to show that the court erred, much less plainly erred, in its factual determinations at sentencing. *Cf. United States v. Ramirez*, 271 F.3d 611, 613 (5th Cir. 2000) ("In making factual sentencing determinations, a presentence report is considered reliable and may be considered by the trial judge.").[1]

---

[1] Guerrero also argues that Federal Rule of Criminal Procedure 32.1 and the Due Process Clause required pre-hearing disclosure of the sentencing recommendation. She raises that argument only for preservation purposes, however, correctly acknowledging that our precedent forecloses it. *See United States v. Warren*, 720 F.3d 321, 327 (5th Cir. 2013).

No. 24-50059

## B.

Guerrero next argues that her sentence was substantively unreasonable because the district court unduly relied on the previously discussed statements in the sentencing recommendation concerning her commitment to treatment. Guerrero preserved this argument, so we review for abuse of discretion. *See United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). "A sentence is substantively unreasonable if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Ibid.* (citations and internal quotation marks omitted).

Guerrero's argument fails. As explained, the district court did not err by relying on the sentencing recommendation. And nothing suggests the court gave undue weight to Guerrero's lack of commitment to treatment. To the contrary, the court emphasized throughout that Guerrero showed "complete disregard of the Court's conditions and has reoffended repeatedly while on supervised release." Indeed, Guerrero's serial violations of her release conditions easily justified the court's upward variance.[2] "Even if a revocation sentence is above the advisory range, our court 'give[s] due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Graham*, 2022 WL 3998585, at *2

---

[2] *See, e.g.*, *United States v. Gallegos-Ortiz*, 843 F. App'x 610, 611–12 (5th Cir. 2021) (upholding upward variance to 60-month maximum based in part on defendant's repeated violations of release conditions, including drug use); *United States v. Graham*, No. 22-60084, 2022 WL 3998585, at *2 (5th Cir. Sept. 1, 2022) (per curiam) (upholding upward variance from 8–14 month range to 60 months based on defendant's conduct, age, and criminal history); *United States v. Geer*, 800 F. App'x 263, 263–64 (5th Cir. 2020) (per curiam) (upholding upward variance from 8–14 month range to 60 months based on defendant's numerous release violations).

No. 24-50059

(quoting *United States v. Kippers*, 685 F.3d 491, 500 (5th Cir. 2012)). In sum, Guerrero has not shown that the district court abused its discretion in imposing a 60-month sentence.

## III.

For the foregoing reasons, the sentence is AFFIRMED.