# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10779
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JERRELL SIMS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-48-1

---

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jerrell Sims challenges his above-Guidelines 24-months' sentence (the statutory maximum), imposed following the revocation of his term of supervised release. He challenges the substantive reasonableness of his sentence, contending the district court erred by basing his sentence on a withdrawn allegation of illegal drug use. In the alternative, he contends that

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the court's claimed reliance on the withdrawn allegation violated his right to due process by depriving him of his opportunity to defend against it.

We assume, without deciding, that Sims' substantive-reasonableness challenge was preserved. Accordingly, we review his sentence to determine whether it is "plainly unreasonable". *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). For that standard, Sims does not claim procedural error. Therefore, we turn to whether, as he claims, the revocation sentence is substantively unreasonable. It is "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Cano*, 981 F.3d 422, 427 (5th Cir. 2020) (citation omitted). As explained *infra*, Sims fails to show his sentence was plainly unreasonable. (Although Sims asserts that his revocation sentence should be reviewed for reasonableness, he does so only to preserve that issue for further review. That contention lacks merit. *See Miller*, 634 F.3d at 843 (holding revocation sentences reviewed under plainly-unreasonable standard).)

Sims relies on our court's precedent that "a district court errs when it relies on a bare allegation of a new law violation contained in a revocation petition unless the allegation is supported by evidence adduced at the revocation hearing or contains other indicia of reliability, such as the factual underpinnings of the conduct giving rise to the arrest". *United States v. Foley*, 946 F.3d 681, 687 (5th Cir. 2020). It is not clear that the June 2024 positive urinalysis result included in the withdrawn revocation allegation is the equivalent of a bare allegation of a new law violation, however, as the probation officer submitted that June 2024 result to the district court prior to the final revocation hearing.

In any event, even if the June 2024 result constituted an impermissible factor, the record does not show that it was a dominant factor in the district court's sentencing decision. *See id.* (noting that, "[e]ven when the district court considers an impermissible factor in imposing a revocation sentence, we will not vacate that sentence unless the impermissible factor was a dominant factor in the court's decision"). The court's initial justification for the upward variance was Sims' use of illegal drugs during his term of supervised release, but that use encompassed the four positive urinalysis results listed in his original petition as well as his June 2024 result. When overruling Sims' objection to the substantive reasonableness of his sentence, the court cited Sims' continued use of illegal drugs—which presumably included an implicit reference to the June 2024 result—but also made repeated references to his failure to appear at the continued revocation hearing. Accordingly, the June 2024 result was "at most a secondary concern or additional justification for the sentence". *Id.*

Regarding Sims' alternative due-process contention, he did not preserve it in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted). Because there is no authority unambiguously supporting his position, he cannot show the requisite clear-or-obvious error for this issue. *See, e.g.*, *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015) (noting that a "lack of binding

No. 24-10779

authority is often dispositive in the plain-error context"); *United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (same).

AFFIRMED.