# United States Court of Appeals for the Fifth Circuit

———————————

No. 24-11112
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Shawn Travis Paschal,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:20-CR-34-1

———————————————————————

Before Barksdale, Haynes, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Shawn Travis Paschal contests his above-Guidelines sentence of 18-months' imprisonment and 20-years' supervised release, imposed following the revocation of his term of supervised release.  (He pleaded guilty in 2020 to possession of child pornography involving a prepubescent minor and was

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentenced to 78 months in prison followed by 20 years of supervised release. He was released to supervision in May 2024.)

Paschal challenges the substantive reasonableness of his sentence, contending the district court improperly balanced the relevant sentencing factors. In addition, to preserve the issue for possible further review, Paschal contends his revocation sentence should be reviewed for reasonableness under *United States v. Booker*, 543 U.S. 220 (2005). This contention lacks merit, as our court reviews a preserved (as here) objection to a revocation sentence under the two-step "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011); *Holguin-Hernandez v. United States*, 589 U.S. 169, 173–75 (2020) (concluding that "advocat[ing] for a sentence shorter than the one ultimately imposed" preserves general contention that sentence is unreasonably long) (quote on 173).

Under that two-step standard, we first review the sentence for significant procedural error. *E.g.*, *United States v. Cano*, 981 F.3d 422, 425 (5th Cir. 2020). If no such error is present (as is not claimed here), the next step is to consider whether the sentence was substantively reasonable (the issue at hand). *Id.* A properly preserved substantive-reasonableness challenge is reviewed for abuse of discretion. *Id.* For the following reasons, there was none.

A revocation sentence is substantively unreasonable "if it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *Id.* at 427 (citation omitted). Review of a sentence's substantive reasonableness is understandably "highly deferential" to the district court. *Id.* (citation omitted).

The court properly considered the 18 U.S.C. § 3553(a) sentencing factors, and concluded that an 18-month sentence was warranted to satisfy relevant sentencing goals, such as deterrence. *See United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011) (upward variance was not an abuse of discretion because it was "commensurate with the individualized, case-specific reasons provided by the district court") (citation omitted).

Paschal has not identified any factor that should have received significant weight; any improper factor that was given improper weight; or any obvious error. In short, his sentence was not plainly unreasonable. *See United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020). Although he may disagree with how the relevant considerations were balanced, we will not independently reweigh the § 3553(a) sentencing factors or substitute our judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.") (citation omitted).

Finally, the extent of the upward variance—from a Sentencing Guidelines range of four to 10 months to 18 months of imprisonment—is well within the range of other upward variances we have affirmed. *See, e.g.*, *Warren*, 720 F.3d at 332 (affirming statutory-maximum revocation sentence of 24 months when Guidelines range was eight to 14 months); *United States v. Kippers*, 685 F.3d 491, 500–01 (5th Cir. 2012) (affirming statutory-maximum revocation sentence of 48 months when Guidelines range was three to nine months); *United States v. Hudgens*, 4 F.4th 352, 359 (5th Cir. 2021) (noting even "major" upward variance is generally reasonable when, as in this instance, it falls within the statutory maximum sentence).

AFFIRMED.