# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-30276
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Fitzalbert Norman McGloshen,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:24-CR-207-1

_____

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Fitzalbert Norman McGloshen appeals his sentence following the district court's revocation of his supervised release. He argues that the district court committed reversible error in sentencing him when it (1) impermissibly considered unreliable evidence regarding his arrest for battery on his ex-girlfriend and (2) failed to sufficiently state its reasons for imposing

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the above-guidelines sentence of 24 months of imprisonment or the supervised release conditions requiring his participation in programs for anger control and domestic violence and for sex offender treatment.

First, although the parties dispute whether McGloshen properly preserved his first claim, we need not decide which standard of review applies since he cannot demonstrate error even if the argument was preserved. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010). We are not persuaded that the district court's statements at the revocation hearing, which did not include a factual finding that McGloshen committed the alleged battery, rendered the sentence plainly unreasonable. *See United States v. Foley*, 946 F.3d 681, 685-86 (5th Cir. 2020).

Second, McGloshen's unpreserved challenges to the sufficiency of the district court's explanation for aspects of the sentence are reviewed for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The district court's reasons for imposing the 24-month sentence, the anger control treatment condition, and the purportedly more restrictive sex-offender treatment condition are sufficiently apparent from the record, and McGloshen has not demonstrated reversible plain error. *See United States v. Caravayo*, 809 F.3d 269, 275 (5th Cir. 2015); *United States v. Whitelaw*, 580 F.3d 256, 262-64 (5th Cir. 2009).

AFFIRMED.