**IN THE UNITED STATES COURT OF APPEALS
 FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2012

Lyle W. Cayce
Clerk

No. 11-50584
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCHELL RENEE SCICUTELLA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-125-2

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Marchell Renee Scicutella appeals the 24-month term of imprisonment imposed following the revocation of her supervised release for conspiracy to make counterfeit federal reserve notes. She argues that the sentence, which exceeds the advisory sentencing guidelines range but is within the statutory maximum, is procedurally and substantively unreasonable because the district court failed to adequately identify the reasons for the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Scicutella did not preserve her objections to the reasonableness of his sentence. Accordingly, we will review the sentence for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To prevail on plain-error review, Scicutella must show that an error occurred, that the error was clear or obvious, and that the error affected her substantial rights. *See Puckett*, 556 U.S. at 135. If she establishes those factors, the decision to correct the forfeited error is within our sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Although the district court's comments in imposing the revocation sentence were brief, the record reflects that the court considered counsel's arguments in mitigation of sentence and was aware of Scicutella's "personal problems" but that the court determined that Scicutella's conduct in absconding from supervision and failing to abide by the terms of the supervision were serious violations, meriting a significant punishment. The court's rationale for the sentence was fully consistent with the primary goal of a sentence on revocation, which is to sanction the violator for failing to abide by the terms of supervised release. *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. ¶ 3(b); *see also United States v. Miller*, 634 F.3d 841, 843 (5th Cir.) ("[T]he goal of revocation is to punish a defendant for violating the terms of the supervised release."), *cert. denied,* 132 S. Ct. 496 (2011).

Assuming arguendo that the district court erred in failing to adequately identify the reasons for the sentence, any error will not warrant relief unless Scicutella can show that the error affected her substantial rights. *See Puckett*, 556 U.S. at 135. Scicutella has failed to explain not how a more detailed reasoning process might have led the court to select a lower sentence, and the record does not suggest that the district court would impose a lighter sentence on remand. *See Whitelaw*, 580 F.3d at 263-64.

No. 11-50584

Finally, contrary to Scicutella's argument, the 24-month sentence imposed in Scicutella's case is not substantively unreasonable. *See Whitelaw*, 580 F.3d at 265.

AFFIRMED.